Terry Alan **PANSIERA**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 97–SC–992–KB.

Supreme Court of Kentucky.

Jan. 22, 1998.

Barbara MacDonald Griffin, Lexington, for Movant.

Bruce K. Davis, Barbara S. Rea, Kentucky Bar Association, Frankfort, for Respondent.

### OPINION AND ORDER

Terry Alan Pansiera of Cincinnati, Ohio, pursuant to SCR 3.480(3), has moved this Court to permit him to resign from the Kentucky Bar Association and to surrender his license to practice law in the Commonwealth of Kentucky under terms of disbarment. The Kentucky Bar Association has no objection to the requested disposition of this pending disciplinary proceeding.

Pansiera was temporarily suspended from the practice of law pursuant to SCR 3.166 by order of this Court in 1995, following his guilty plea and conviction of seven counts of the felony offense of corruption of a minor in violation of Section 2907.04 of the Ohio Revised Code in Hamilton County, Ohio, Court of Common Pleas, Criminal Division, Case No. B944265, *State v. Terry Pansiera.* Pansiera admits that he engaged in the conduct alleged in the indictment returned against him by committing multiple acts of gross sexual misconduct upon a male who was known to be between the ages of 13 and 16 and for whom he had a responsibility as a sponsor in an Alcoholics Anonymous pro-

gram. He was sentenced to two years incarceration on each count of the indictment, with the sentence to run and be served consecutively. The sentences imposed for Counts 2–7 were suspended and probated for five years, and he was fined $5,000. Pansiera has completed his sentence.

The Inquiry Tribunal has charged Pansiera with one count of professional misconduct in violation of SCR 3.130–8.3, which provides that it is professional misconduct for an attorney to commit a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects.

Pansiera acknowledges that he was convicted of multiple felony offenses and that his conviction is conclusive proof that he engaged in the criminal conduct with which he was charged. He also admits that his conduct and his conviction violate SCR 3.130–8.3(b) and reflect adversely on his trustworthiness and fitness as a lawyer.

Pansiera now seeks to terminate disciplinary proceedings against him by surrendering his license to practice law in Kentucky and resigning from the Kentucky Bar Association pursuant to SCR 3.480(3), under terms of disbarment. Pansiera states that he will not practice law in Kentucky unless or until he is reinstated as a member of the Kentucky Bar Association by order of this Court. He further states that he will not seek reinstatement even if eligible as long as he is on probation for criminal offenses and that any such reinstatement application will be made pursuant to SCR 3.520 or any successor or amendment to that rule in effect at the time of any such application.

Pansiera also affirms that he has previously notified his clients of his temporary suspension from the practice of law pursuant to the order of this Court entered against him in 1995, and that he currently has no clients to whom notice is due under the provisions of SCR 3.390 and is not the attorney of record in any case pending before any court.

The request to make the period of disbarment begin on April 20, 1995 is denied. This disbarment will become effective as of the date of this order.

IT IS ORDERED that the motion of Terry Alan Pansiera to resign from the Kentucky Bar Association and surrender his license to practice law is granted.

Pansiera shall not file an application for reinstatement for a period of five years from the date of this Opinion and Order, and further shall not seek reinstatement even if eligible as long as he is on probation for criminal offenses.

Any application for reinstatement filed by Pansiera shall be governed by SCR 3.520, reinstatement in case of disbarment, or any subsequent amendment to SCR 3.520.

Pansiera shall be required to pay the costs of these proceedings in the amount of $17.80 within ten days of the entry of this order.

All concur.

Entered: January 22, 1998.

/s/ Robert F. Stephens
Chief Justice